UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARLOS HAZOURY,            :
    Petitioner,        :
                       :
  v.                       :     Crim. No. 3:05-CR-53(AHN)
                       :     Civ. No. 3:07-CV-923 (AHN)
UNITED STATES OF AMERICA,  :
    Respondent.        :


## RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Now pending before the court is Carlos Hazoury's ("Hazoury") petition to vacate, set aside, or correct the court's sentence pursuant to 28 U.S.C. § 2255 [doc. # 1 (07-cv-923)].[1] In support of that petition, Hazoury claims that his trial counsel was ineffective for failing to appeal the court's sentence. He asks the court to allow him to take an appeal now. For the reasons set forth below, the court grants Hazoury's petition.

### FACTS AND PROCEDURAL HISTORY

I. The Plea Hearing and Sentencing

On May 23, 2006, Hazoury pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The plea agreement entered into between Hazoury and the government contained a provision by which Hazoury agreed to waive his right to appeal or collaterally attack the court's sentence.

---

[1] Hazoury initially filed this petition pro se, but the court appointed counsel to represent him during the evidentiary hearing.

(Plea Agreement at 5 [doc. # 393 (05-cr-53)].)  That provision was binding so long as the court's sentence did not exceed 168-months' imprisonment, a lifetime term of supervised release, and a $4,000,000 fine.  (Id.)

During the change of plea hearing, Hazoury acknowledged that he had read the plea agreement, understood its contents, discussed it with his counsel, and had no questions about its meaning, including the waiver provision.  He also stated that he was knowingly and voluntarily waiving his right to appeal or collaterally attack the court's sentence.  (See Plea Hr'g Tr. 12:23-13:24; 19:16-20:22; 23:9-11 [doc. # 686 (05-cr-53)].)

On January 3, 2007, the court sentenced Hazoury to a 135 months' imprisonment and five years' supervised release.  (Am. Judgment at 1 [doc. 593 (05-cr-53)].)  This sentence did not exceed the maximum sentence – 168-months' imprisonment, a lifetime term of supervised release, and a $4,000,000 fine – that the parties agreed would invalidate the waiver provision in the plea agreement.  Hazoury had until January 17, 2007 to appeal the court's sentence, but no appeal was taken.

In the petition currently before the court, Hazoury argues, among other things, that his trial counsel was ineffective for failing to file a notice of appeal at his request.  (Pet. at 2.) He further submits an affidavit stating that he called trial counsel after his sentencing and requested that trial counsel

file an appeal on his behalf but trial counsel did not file any notice of appeal. (Pet. Ex. 2, ¶¶ 4, 6.)

Although the government contends that Hazoury's waiver is valid and enforceable, it concedes that, under Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), Hazoury must be given another opportunity to file an appeal, regardless of the merits of that appeal, if trial counsel ignored Hazoury's request to file an appeal. The government contacted trial counsel and represented to the court that trial counsel disputes Hazoury's allegations regarding the request to file an appeal. Given that factual dispute, the court held an evidentiary hearing to determine whether Hazoury actually requested that trial counsel appeal the court's sentence. See id. at 776 (stating that "the district court has discretion to determine if a testimonial hearing will be conducted").

II. The Evidentiary Hearing

Based on the evidence presented at the hearing on February 4, 2008, the court makes the following findings of fact:

1. In April 2005, Hazoury retained trial counsel, who represented him through his guilty plea and sentencing, which occurred on January 3, 2007.

2. The retainer Hazoury paid trial counsel was not intended to cover any fees or expenses incurred in taking an appeal.

3. Although his first language is Spanish, Hazoury never used an interpreter to communicate with trial counsel; they communicated in English.

4. Immediately following the sentencing, Hazoury asked trial counsel whether he could take an appeal. Trial counsel advised him that he had waived his right to take an appeal, and Hazoury seemed satisfied with trial counsel's explanation and did not request that an appeal be taken at that time.

5. Following his sentencing, Hazoury was held at Bridgeport Correctional Center in Bridgeport, Connecticut. At some point before the time to file an appeal lapsed, however, Hazoury was transferred to another institution in New York.

6. On January 8, 2008,[2] five days after sentencing, Hazoury called trial counsel's office. Trial counsel's assistant answered the call, and Hazoury left a message for trial counsel asking if he could have the "Appeal Board" check the court's sentence. He also mentioned that another inmate at the correctional center told him about appealing Judge Nevas's sentence.

7. Trial counsel did not return Hazoury's call or speak with Hazoury before the time for filing an appeal lapsed. He did

---

[2] Hazoury testified that he called on January 5, 2008, but because the parties agree that Hazoury called trial counsel before the time for filing a notice of appeal lapsed, the exact date does not affect the court's finding.

-4-

not inquire about what Hazoury meant by "Appeal Board," but assumed that he meant an appeal to the Second Circuit.

8. On January 11, 2008, Margarete Rodriguez ("Rodriguez"), who was Hazoury's relative or friend, called trial counsel and asked whether trial counsel could file an appeal on behalf of Hazoury. Hazoury had typically communicated with trial counsel through Rodriguez.[3]

9. Trial counsel explained to Rodriguez that any appeal would be "frivolous," and according to his recollection, Rodriguez understood his explanation and instructed him to use his best judgment.

10. Trial counsel assumed that Rodriguez related his comments to Hazoury.

11. On January 12, 2008, trial counsel sent a letter to Hazoury ("Letter"). The Letter describes Hazoury's message as asking to have "the Appeal Board check [his] sentence to see if it is correct." (Pet. Ex. 2.) The Letter further states that the information Hazoury received from "a fellow prisoner that he had the Court of Appeals examine the court's sentence differs significantly from [Hazoury's] case." (Id.) The Letter explained trial counsel's view that "there was no issue presented to Judge Nevas from which to appeal." (Id.) The Letter further

---

[3] Rodriguez previously acted as Hazoury's agent with respect to trial counsel.

cautioned that "[a]n appeal to the Second Circuit Court of Appeals is an extremely complex and costly matter," but that if Hazoury believed that there were issues that should be taken up on appeal, then either he or his family should immediately contact other counsel. (Id.)

12. After trial counsel sent the Letter, he heard nothing more from either Hazoury or Rodriguez.

13. Trial counsel considered Hazoury's request "ridiculous;" an appeal to the Second Circuit, he believes, is not something that can be done on a whim because of the expense and effort involved.

14. During his representation of Hazoury, trial counsel was not aware of the Second Circuit's holding in Campusano.

15. Based on trial counsel's testimony, his admission in the Letter that he understood Hazoury's request, and Hazoury's corroborating testimony, the court finds that Hazoury requested that trial counsel take an appeal of the court's sentence.[4] Trial counsel admitted that he understood that, by referring to "Appeal Board," Hazoury meant an appeal to the Second Circuit. No evidence indicates that Hazoury himself, after leaving the message about the Appeal Board, ever communicated a different

---

[4] The court notes that Hazoury contradicted his own affidavit in a number of instances. However, the court's conclusion is based largely on trial counsel's testimony and the Letter, which corroborates Hazoury's testimony on the key issue – whether he requested that an appeal be filed.

request to trial counsel.

## DISCUSSION

Hazoury claims that trial counsel's failure to file an appeal at his request constituted ineffective assistance of counsel. To prevail on this claim, Hazoury must satisfy the two-part test set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the petitioner must show, first, that his counsel's representation "fell below an objective standard of reasonableness," and second, that counsel's deficient performance prejudiced the petitioner. Id. at 688, 694.

The law is clear that where counsel fails to file a requested appeal, the two-part Strickland test is satisfied. See Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). First, the failure to file an appeal on behalf of a client is professionally unreasonable. Second, prejudice is presumed, regardless of the merits of the appeal, because it shows that the defendant has been deprived of his right to a direct appeal. Id.

This is the case even where a defendant, like Hazoury, has waived his right to appeal or collaterally attack a sentence through a plea agreement. While such a waiver, if made knowingly and voluntarily, is generally enforceable, see, e.g., Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d

Cir. 2002), the Second Circuit made clear in Campusano that counsel cannot decline to file an appeal because he believes that a waiver makes an appeal frivolous, 442 F.3d at 773. The proper procedure for counsel who believes that an appeal would be frivolous is to file a notice of appeal and an adequate brief pursuant to Anders v. California, 386 U.S. 738, 745 (1967), thereby allowing the Second Circuit to determine if the appeal is indeed frivolous. Campusano, 442 F.3d at 773.

Given that the court has found that Hazoury requested that trial counsel file a notice of appeal and trial counsel did not file such a notice, Hazoury must "be allowed a direct appeal." Id. Therefore, the court will re-enter judgment against Hazoury, allowing him another opportunity to take an appeal. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003) (stating that the Second Circuit has given district courts a choice between re-entering judgment and resentencing). The court chooses to re-enter judgment rather than resentence Hazoury because the court does not intend to alter Hazoury's sentence.

In his § 2255 petition, Hazoury raises other claims attacking the court's sentence, including that: (1) trial counsel "misled the court to add 3 points to Hazoury's criminal history" based on an offense Hazoury committed while on probation; and (2) trial counsel stipulated to a clause in the plea agreement "that subjected Hazoury to a mandatory guideline and tied the judge's

hand in contravention to the decision . . . in Booker." (Pet. at 2.) However, because the court will re-enter judgment and Hazoury will be permitted to take a direct appeal from the court's sentence in which he will likely raise these claims, the court will not consider them at this time. Accordingly, those claims are denied without prejudice to refiling.

Hazoury has also filed a motion to reopen the evidentiary hearing [doc. # 23], so that he can present additional testimony. Given that the court will re-enter judgment and permit Hazoury to take another appeal, the court finds Hazoury's request to reopen the evidentiary hearing moot.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART Hazoury's petition to vacate or set aside the court's sentence [doc. # 5 (07-cv-923)]. Further, the court DENIES AS MOOT Hazoury's motion to reopen the evidentiary hearing [doc. # 23 (07-cv-923)]. The court ORDERS that Hazoury's sentence be vacated and judgment be re-entered imposing the same sentence for the reasons previous given by the court. Thus, Hazoury has ten days to file a notice of appeal from the date of this ruling. Fed. R. App. P. 10(b)(1).

SO ORDERED this 12th day of March, 2008, at Bridgeport, Connecticut.

>                    /s/
>     Alan H. Nevas
>     United States District Judge